Curtis Martin
Attorney at Law
263 S. Alaska St.
Palmer, AK 99645
Phone: (907) 746-9800
Fax: (907) 746-9802

Received in the Trial Courts
State of Alaska Third District
at Palmer

FEB 09 2012

Clerk of the Trial Courts
By_____Deputy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

| | |
|---|---|
| KATHERINE MARTIN<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Defendant. | |

Case No.: 3PA-12- 00814 CI

### FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiff KATHERINE MARTIN, through her attorney, The Law Offices of Curtis W. Martin, and hereby asserts its complaint for declaratory relief as follows:

PARTIES

1. Upon information and belief GOVERNMENT EMPLOYEES INSURANCE COMPANY (herein "GEICO") is a corporation organized and existing under the laws of the State of Maryland.

2. Upon information and belief GEICO is authorized to and does transact insurance business in the State of Alaska.

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 1

Case 3:12-cv-00060-RRB   Document 1-1   Filed 03/15/12   Page 1 of 8     **100050**

3. At all times relevant herein, plaintiff KATHERINE MARTIN, was a resident of the Third Judicial District, State of Alaska.

## JURISDICTION AND VENUE

4. This is an action for declaratory relief.

5. The Court has subject matter jurisdiction over this action as per AS 22.10.020.

6. Venue is proper in this Court.

## DECLARATORY RELIEF

7. GEICO issued an automobile policy to Curtis and Donna Martin (herein "the policy") with effective dates of 03-29-09 to 09-29-09. The policy number is 4024122816. A copy of the policy (See Exhibit 1) and the Verification of Coverages (See specifically Exhibit 1 pages 17-20) are attached.

8. Katherine Martin is the daughter of the policy holders Curtis and Donna Martin, and is a resident relative covered under the policy issued.

9. On or about May 3, 2009, an accident occurred wherein Plaintiff was a passenger in a motor vehicle as defined in AS28.90.990(16). The subject vehicle was a 1999 Polaris Ranger.

10. The 1999 Polaris Ranger (herein "Ranger") (See Exhibit 2) was driven by 17 year old Danielle Gifford, and owned by her parents. Upon information and belief the 1999 Polaris Ranger was not insured by the Gifford's. The driver and Plaintiff and other passengers left the Gifford home on East Max Drive in Palmer, AK, (which residence is situated on the north side of the Glenn Highway) and then traveled toward Palmer on the Glenn Highway or on the shoulder of the Glenn Highway approximately one mile, ultimately traveling south crossing the Glenn

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 2

**100051**

Highway and entered onto a gravel pit with uneven terrain. While traversing the gravel pit Ms. Gifford lost control of the Ranger causing it to tip over.

11. Plaintiff was seat-belted in the front right passenger position at the time of the accident. As a result of the rollover Plaintiff sustained injuries and damages.

12. Plaintiff notified GEICO promptly and cooperated in GEICO's investigation of the accident. GEICO has made no assertions of other insurance being primary or the need for other insurance policies to be exhausted that would then "trigger" the Uninsured/Underinsured Motorist BI coverage in policy number 4024122816.

13. The GEICO policy provided Uninsured/Underinsured Motorist BI coverage with face limits of $100,000.00 per person and $300,000.00 per accident (See Exhibit 1 at pages 17-20). Relevant portions of the policy provided herein:

> **SECTION IV**
>
> **Uninsured Motorist Coverage and Underinsured Motorist Coverage**
>
> **Protection for *You* and *Your* Passengers For Injuries Caused By Uninsured, Underinsured And Hit-And-Run Motorists**
>
> . . . .
>
> 2. *"Insured"* means:
>
>    (a) *you*;
>    (b) *your relatives* if residents of *your* household;
>
> . . . .
>
> 6 *"Uninsured Motor Vehicle"* means:
>
>    (a) a motor vehicle which has no bodily injury and property damage liability bond, policy of insurance or cash or securities on file to cover *bodily injury*, at the time of the accident: or

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 3

100052

> (b) a motor vehicle including farm-type tractor or equipment while it is being used on public roads, which has bodily injury and property damage liability insurance in effect at the time of the accident, but the insurer of the vehicle, the legally authorized self insured owner or operator of eth vehicle, or the government entity that owns the vehicle legally denies coverage or becomes insolvent; or
>
> . . . .
>
> The term *"uninsured motor vehicle"* does not include:
>
> . . . .
>
> > (e) a farm-type tractor or equipment designated for use principally off public roads, except while used upon public roads, except as shown in part (b) under the definition of *"uninsured motor vehicle"* above.

(Exhibit 1 at page 10; emphasis, italic and bold, in original)

**LOSSES WE PAY**

> We will pay damages for *bodily injury*, caused by an accident, which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle*, an *underinsured motor vehicle*, or a *hit and run motor vehicle* arising out of the ownership, maintenance or use of that vehicle.

(Exhibit 1 at page 11; emphasis, italic and bold, in original)

14. Plaintiff filed a claim (GEICO claim #026612939-0101-067) against GEICO policy number 4024122816 for Uninsured Motorist and Underinsured Motorist coverage for injuries sustained as a result of the roll-over accident.

15. GEICO has denied Uninsured Motorist and Underinsured Motorist coverage to Plaintiff based on Section II, Exclusions, Paragraph 3, Sub-paragraph (a) of the policy (provided in relevant part above). In a letter denying coverage, GEICO asserts that the 1999 Polaris Ranger is other "equipment designed for use principally off public roads". (GIECO adjuster quoting policy language, taken out of context)

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 4

**100053**

Case 3:12-cv-00060-RRB   Document 1-1   Filed 03/15/12   Page 4 of 8

(See Exhibit 3 at page 3)

16. Plaintiff asserts that the policy provides $100,000.00 coverage for the claims asserted by Plaintiff under the Uninsured Motorist and Underinsured Motorist portion of the policy and that plaintiff is legally entitled to recover damages pursuant to said coverage.

17. Plaintiff further asserts that the Ranger is a motor vehicle and not specifically excluded from the GEICO policy coverage and therefore GEICO should pay the Uninsured Motorist and Underinsured Motorist coverage asserted in the claim; Plaintiff further asserts that the Ranger does not fall under Section II, Exclusions, Paragraph 3, Sub-paragraph (a) of the policy, that reads in context as "a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads". (See Exhibit 1 page 6 of 20)

18. The GEICO policy further provided Medical Payments coverage with face limits of $10,000.00 per person.

19. The GEICO policy's liability coverage further provided:

SECTION II

Auto Medical Payments

Protection For You And Your Passengers For Medical Expenses

. . . .

PAYMENTS WE WILL MAKE

. . . .

    This Coverage applies to:

1. *you* and each *relative* who sustains *bodily injury* caused by accident:
    (a) while *occupying* the *owned auto*; or
    (b) while *occupying* a *non-owned auto*. . . .

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK 99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 5

Case 3:12-cv-00060-RRB   Document 1-1   Filed 03/15/12   Page 5 of 8   100054

## EXCLUSIONS

**When Section II Does Not Apply**

. . . .

> 3. *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:
>    (a) a farm-type tractor or other equipment designed for use principally off public roads, while not upon a public roads; . . . .

(Exhibit 1 at page 6; emphasis, italic and bold, in original)

20. Plaintiff has filed a claim (GEICO claim #026612939-0101-067) against policy number is 4024122816 for Medical Payment for injuries sustained as a result of the roll-over accident.

21. GEICO has denied Medical Payment coverage to Plaintiff based on Section II, Exclusions, Paragraph 3, Sub-paragraph (a) of the policy (provided in relevant part above). In a letter denying coverage, GEICO asserts that the 1999 Polaris Ranger is other "equipment designed for use principally off public roads". (GIECO adjuster quoting policy language, taken out of context) asserts that the 1999 Polaris Ranger is other "equipment designed for use principally off public roads".

(See Exhibit 3 at page 3)

22. The policy provides no language to exclude All-Terrain-Vehicles or Side by side vehicles or motor vehicles commonly referred to as "four-wheelers". The policy further fails to define automobile within the definitions of its policy. Alaska Statute herein provided states:

> "motor vehicle" means a vehicle which is self-propelled except a vehicle moved by human or animal power.

AS28.90.990(16)

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 6

Case 3:12-cv-00060-RRB   Document 1-1   Filed 03/15/12   Page 6 of 8
100055

23.     Plaintiff asserts that the policy provides $10,000.00 coverage for the claims asserted by Plaintiff under the Medical Payments portion of the policy and that plaintiff is legally entitled to recover damages pursuant to said coverage.

24.     Plaintiff further asserts that the Ranger is a motor vehicle and therefore GEICO should pay the Medical Payments asserted in the claim; Plaintiff further asserts that the Ranger does not fall under Section II, Exclusions, Paragraph 3, Sub-paragraph (a) of the policy, that reads in context as "a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads". (See Exhibit 1 page 6 of 20)

25.     In *Allstate Ins. Co. v. Teel, 100 P.3d 2, 4 (Alaska 2004)* the Alaska Supreme Court has stated that they "construe grants of coverage broadly and interpret exclusions narrowly." Further in *State Farm Mut. Auto. Ins. Co. v. Dowdy192 P.3d 994 (Alaska,2008)* they explained that:

> "Insurance policies are construed in such a way as to honor a lay insured's reasonable expectations. Policy language is construed in accordance with ordinary and customary usage. Ambiguities in insurance policies are to be construed most favorably to an insured, but ambiguities only exist when there are two or more reasonable interpretations of particular policy language."

WHEREFORE, having set forth its complaint for declaratory relief, Plaintiff KATHERINE MARTIN prays for judgment as follows:

1.     That the Court issue a declaration that the GEICO policy 4024122816 issued provides $100,000.00 coverage for the claims asserted by Plaintiff under the Uninsured Motorist and Underinsured Motorist portion of the policy and that plaintiff is legally entitled to recover damages pursuant to said coverage.

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 7

Case 3:12-cv-00060-RRB   Document 1-1   Filed 03/15/12   Page 7 of 8

100056

2. That the Court issue a declaration that the GEICO policy 4024122816 issued provides $10,000.00 coverage for the claims asserted by Plaintiff under the Medical Payments portion of the policy and that plaintiff is legally entitled to recover damages pursuant to said coverage.

3. That the Court issue a declaration that the Ranger is a motor vehicle pursuant to AS28.90.990(16).

4. That the Court issue a declaration that under Section II, Exclusions, Paragraph 3, Sub-paragraph (a) of the policy, that the Ranger is not, "a farm-type tractor or other equipment".

5. That the Court award Plaintiff reasonable interest, costs and attorney fees incurred in prosecuting this action, and such other relief as the Court deems just.

DATED this 9 day of February, 2012.

_____
Curtis Martin, Esq. ABA # 0311060
Attorney for Plaintiff, KATHERINE MARTIN

Curtis Martin
Attorney at Law
623 S. Alaska St
Palmer, AK
99645
(907) 746-9800
(907) 746-9802

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
MARTIN v. GEICO
3PA-12-00814 CI

Page 8

Case 3:12-cv-00060-RRB   Document 1-1   Filed 03/15/12   Page 8 of 8

100057